IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Christopher N. Payne,** ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | 1:18cv587 (LO/IDD) |
| ) | |
| **Jahal Taslimi, et al.,** ) | |
| **Defendants.** ) | |

ORDER

Christopher N. Payne, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983. After reviewing plaintiff's complaint, the claims against defendant will be dismissed pursuant to 28 U.S.C. § 1915A(b).[1]

Plaintiff alleges that, on January 16, 2018, while he was incarcerated at Deep Meadows Correctional Center, Doctor Taslimi disclosed plaintiff's HIV status in front of other staff and inmates. Dkt. No. 1. Plaintiff claims this was done in violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Virginia law, Virginia Department of

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
    (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

Corrections Operating Policies ("VDOC OP"), and the United States Constitution. Id. Plaintiff seeks monetary and injunctive relief. Id.

Pursuant to § 1915A, a court must dismiss a prisoner complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief may be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). The alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Plaintiff has failed to state a claim upon which relief can be granted because he has not stated a cognizable § 1983 claim. First, courts which have addressed the issue agree uniformly that HIPAA provides no private right of action. See Acara v. Banks, 470 F.3d 569, 571-72 (5th Cir. 2006) (colleting cases). Second, to state a cause of action under § 1983, a plaintiff must allege facts indicating he or she was deprived of rights guaranteed by the Constitution or laws of the United States. See West v. Atkins, 487 U.S. 42 (1988). Therefore, alleged violations of state law or the VDOC OP are not cognizable § 1983 claims. Finally, plaintiff's constitutional claims will be liberally construed as claims for violation of his privacy. However, neither the United States Supreme Court nor the United States Court of Appeals for the Fourth Circuit has recognized a constitutional right to privacy with regards to medical records. Sherman v. Jones, 258 F. Supp. 2d 440, 442 (E.D. Va. 2003); Wilson v. S. Health Partners Nursing Staff, No. 1:18-CV-00013-FDW, 2018 WL 1972716, at *3 (W.D.N.C. Apr. 26, 2018) (collecting cases).

Accordingly, it is hereby

ORDERED that this action be and is DISMISSED, WITH PREJUDICE, for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(g),[2] this dismissal may affect plaintiff's ability to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the entry of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Failure to timely file a notice of appeal waives the right to appeal this decision. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to enter final judgment in favor of defendants Jahal Taslimi and Ms. Smith, pursuant to Fed. R. Civ. P. 58, to send of copy of this Order to plaintiff, and to close this civil action.

Entered this 14th day of June 2018.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge

---

[2] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.